UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
S & L BIRCHWOOD, LLC and
S & L BIRCHWOOD REALTY, LLC,

        Plaintiffs,           CV 10-0790
                                     (Wexler, J.)

   -against-

LFC CAPITAL, INC.,

        Defendant.
------------------------------------------------------------X
APPEARANCES:

    ROSENBERG, FORTUNA & LAITMAN, LLP
    BY: DAVID I. ROSENBERG, ESQ.
    Attorneys for Plaintiff
    666 Old Country Road, Suite 810
    Garden City, NY 11530

    PLATZER, SWERGOLD, KARLIN, LEVINE, GOLDBERG & JASLOW, LLP
    BY: STEVEN D. KARLIN, ESQ.
    Attorneys for Defendants
    1065 Avenue of the Americas
    New York, NY 10018

WEXLER, District Judge

       This is a breach of contract action brought pursuant to this court's diversity jurisdiction. The parties entered into contractual agreements pursuant to which Defendant, LFC Capital, Inc. ("LFC"), leased medical equipment to Plaintiffs, S & L Birchwood, LLC and S & L Birchwood Realty, LLC (collectively "S & L"), for use in a residential health care facility.

       Presently before the court is the motion of Defendant to dismiss the complaint pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure or, in the alternative to transfer this matter to the United States District Court for the Northern District of Illinois, pursuant to the terms of a forum-selection clause. Plaintiffs oppose the motion and seek to retain the action in

1

this court. For the reasons set forth below, the court denies the motion to dismiss, but holds that this shall be transferred to the United States District Court for the Northern District of Illinois.

## BACKGROUND

I.   The Parties and Their Business Relationship

S & L is a New York limited liability company that operates and does business as Apex Rehabilitation Center ("Apex"). Apex is a residential health care facility that provides various medical services to its patients including nursing, rehabilitation, hospice, and respiratory and memory support services.

On December 20, 2006, S & L entered into an agreement with LFC for the financing of a lease of medical equipment to be used by Apex. Specifically, S & L leased the "One Patient ID Wandering System" for sixty months, with monthly payments of approximately $10,950 (the "Agreement"). The Agreement gives S & L the right to purchase the equipment for $1.00 at the end of the lease period.

In October 2009, LFC sent S & L a letter requesting financial information and threatening a default. S & L alleges that despite complying with this request, they received a second letter, dated November 23, 2009, stating that S & L was in default of the Agreement. In this letter, LFC states that it was exercising its right under the agreement to accelerate the entire balance of the lease payments. S &L states that it continued making its monthly payments under the lease, and on January 15, 2010, they received a third letter. This letter threatened that failure to pay the balance under the Agreement by February 1, 2010, would add the full resale value of the equipment to the balance. The letter also states that nonpayment would result in LFC exercising its other remedies under the Agreement, including repossession of the equipment.

After receiving these letters, S & L commenced a declaratory judgment action in the Supreme Court of the State of New York, County of Suffolk. That action sought a judgment,

2

inter alia, that Plaintiffs were not in default of the Agreement, and an injunction against termination of the Agreement. The action was thereafter removed pursuant to this Court's diversity jurisdiction.

II. The Forum Selection Clause

The Agreement contains a forum selection clause which states as follows:

Governing Law; Jurisdiction; Waiver of Jury Trial. THIS AGREEMENT AND EACH SCHEDULE SHALL BE GOVERNED IN ALL RESPECTS BY, AND CONSTRUED IN ACCORDANCE WITH, THE INTERNAL LAWS OF THE STATE OF ILLINOIS. LESSEE IRREVOCABLY SUBMITS TO THE JURISDICTION OF ANY FEDERAL OR STATE COURT LOCATED THEREIN, AND WAIVES TO THE FULLEST EXTENT ALLOWED BY LAW ANY OBJECTION TO VENUE IN SUCH COURT, AND FURTHER WAIVES ANY RIGHT TO A TRIAL BY JURY.

(emphasis in original).

III. The Motion to Dismiss

Defendant's motion argues that the forum selection clause is mandatory, and requires either dismissal or transfer. S & L, characterizing the forum selection clause as permissive, opposes the motion, and seeks to retain its choice of forum. After outlining applicable legal principles, the court will turn to the merits of the motion.

## DISCUSSION

I. Legal Principles

A. Enforceabiilty of Forum Selection Clause

A court faced with the question of whether to enforce a forum selection clause engages in a four-part inquiry. Specifically, the court considers: (1) whether the clause was reasonably communicated to the party resisting enforcement; (2) whether the clause before the court is properly classified mandatory or permissive; (3) whether the claims and parties in the suit before the court are subject to the forum selection clause and, (4) if the first three factors are satisfied, whether the clause, although "presumptively enforceable," should not be enforced because

3

enforcement would be unreasonable or unjust, or because there was fraud or overreaching. Phillips v. Audio Active Ltd., 494 F.3d 378, 383-84 (2d Cir. 2007).

As to mandatory forum selection clauses, it is well settled that a freely negotiated forum-selection clause that is unaffected by fraud or undue influence should be given full effect. M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12-13 (1972); see also Jones v. Weinbrecht, 901 F.2d 17, 18 (2d Cir. 1990). In such cases, it matters not that venue may be proper in districts other than the district specified in the parties' agreement. So long as the plaintiff was not induced to enter into the agreement through fraud or overreaching and had reasonable notice of the clause, it will be enforced. See Effron v. Sun Line Cruises, Inc., 67 F.3d 7, 9-10 (2d Cir. 1995).

Less strict rules apply where a forum selection clause does not use mandatory language, but language that is merely permissive. In such a case the language of the clause usually provides only that a designated forum "may" serve as the forum for disposition of disputes. Aguas Lenders Recovery Group, LLC v. Suez, S.A., 585 F.3d 696, 700 (2d Cir. 2009). In these cases, the presumption of enforceability does not apply, and the court applies traditional rules of forum non conveniens to determine whether to dismiss a case commenced in a forum alleged to be improper. Id. A permissive forum selection clause that also contains a waiver of objections to the designated venue is enforced as mandatory, at least in cases where the plaintiff chooses the forum designated in the clause. Aguas Lenders, 585 F.3d at 700. Thus, the pairing of a permissive forum selection clause along with language of irrevocable waiver of any objection to the choice of forum can result in a finding that the clause is presumptively enforceable. Id.

B. Transfer

In the event that venue is held to be improper, this court has the discretion to cure the defect in venue by ordering transfer to a district where the case could have been brought. 28

4

U.S.C. §1406(a). In such a case, it is within the "sound discretion of the district court" either to dismiss or transfer an action to an appropriate court. Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993); Blass v. Capital Intern. Security Group, 2001 WL 301137 *2 (E.D.N.Y. Mar. 23, 2001). The decision made should facilitate the timeliest disposition of the case on the merits.

Even if the venue is held to be proper, 28 U.S.C. §1404(a) gives the court discretion, "[f]or the convenience of parties and witnesses," and "in the interest of justice," to transfer any civil action to a district where it may have been brought. 28 U.S.C. §1404(a); see Red Bull Associates v. Best Western Intern., Inc., 862 F.2d 963, 967 (2d Cir. 1988). The statute envisions a "case-by-case consideration of convenience and fairness." Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (internal quotation and citation omitted).

Whether considered under Section 1404 or 1406, the burden is on the party seeking transfer, and the court considers the same factors when determining whether to exercise the discretion to transfer. See Bank of America, N.A. v. Hensley Properties, LP, 495 F. Supp.2d 435, 439-40 (S.D.N.Y. 2007); Sheet Metal Workers' Nat. Pension Fund v. Gallagher, 669 F. Supp. 88, 91-92 (S.D.N.Y. 1987). When determining whether transfer is warranted the factors to consider include: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interest of justice, based on the totality of the circumstances. Federal Ins. Co. v. Bax Global Inc., 2010 WL 3738033 *4 (E.D.N.Y. 2010); Enjoy the City North, Inc. v. Stranger, 2008 WL 4107195 *5 (N.D.N.Y. 2008).

5

II. Disposition of Motion

In this matter, there is no issue as to whether the forum selection clause was communicated to Plaintiffs. Nor is there an issue at to whether the dispute raised falls within the parameters of the clause. Instead, the issue raised is whether the clause is properly construed as permissive or mandatory. Plaintiffs argue that because the clause does not use the term "must," it must be construed as permissive, and allows matters arising under the Agreement to be determined at a forum other than that set forth in the clause. Defendant, focusing on language stating Plaintiffs' "irrevocable" submission to jurisdiction in an Illinois forum, characterizes the clause as mandatory, and seeks dismissal. In the event that the court denies the motion to dismiss, Defendants seeks transfer to a court in the forum provided for in the Agreement.

As the cases referred to above demonstrate, the language used in a forum selection clause can be viewed on a continuum from mandatory to permissive. A clause that uses the word "must," will be found mandatory and enforceable. See M/S Bremen, 407 U.S. at 3 (emphasis added) (clause stating that any, "dispute arising must be treated before the London Court of Justice" enforced as mandatory); Phillips Audio v. Audio Active Limited, 494 F.3d 378, 386 (2d Cir. 2007) (language stating that claim arising under parties' agreement "are to be brought" in a designated forum, interpreted as a mandatory forum selection provision). In contrast, a forum selection clause using the word "may," is held to be permissive, merely setting forth a forum that sets at least one proper venue. See, e.g., Blanco v. Banco Industrial de Venezuela, S.A., 997 F.2d 974, 979 (2d Cir. 1993) (use of the language "may be brought" renders forum selection clause permissive, allowing commencement of action in different forum).

In this case, the Agreement uses neither the word "must" nor the word "may," and an easy result is therefore not dictated by such plain language. Thus, the forum selection clause falls somewhere between the two on the mandatory/permissive continuum. The language

6

employed in the Agreement pushes the clause closer to the mandatory language used in M/S Bremen than to the permissive language used in Blanco. The court holds that the use of the words "irrevocably submits" indicates that the parties intended that the state and federal courts of Illinois would be the venue for determination of any dispute that might arise. Indeed, there is no doubt that had this action been commenced by LFC in Illinois, S&L would be unable to object to the choice of forum.

As recognized by the Second Circuit in Aguas Lending, the "combination" of a permissive forum selection clause along with a waiver of an objection to venue, "amounts to a mandatory forum selection clause at least where the plaintiff chooses the designated forum. Aguas Lending, 585 F.3d at 700. The court recognizes that Plaintiffs here did not choose the forum set forth in the Agreement, and therefore the rule in Aguas Lending is not precisely on point. Nonetheless, the strong language of submission to jurisdiction in Illinois, and application of Illinois law indicates, at the very least, the parties' knowledge that all disputes would be heard in that state. The court holds, therefore, that the Agreement indicates the parties' intent to have their disputes determined under Illinois law, by an Illinois court. The forum selection clause is enforceable.

III. Transfer

In light of this court's holding that the forum selection clause is enforceable, venue is not proper in the Eastern District of New York. In such as case, the court may "dismiss, or if it be in the interest of justice," transfer this matter to any district or division in which it could have been brought. 28 U.S.C. § 1406(a) ("Section 1406"). Additionally, even if the clause were permissive in nature, the court would nonetheless have the discretion to transfer the matter, pursuant to 28 U.S.C. §1404(a) ("Section 1404"), for the convenience of the parties and

witnesses, in the interests of justice. The court holds that application of either Section 1406 or Section 1404 requires transfer of this action.

This is a breach of contract case that likely involves relatively little documentation and discovery. Plaintiffs and their witnesses reside in New York, while Defendants and their witnesses are in Illinois. The backdrop of this litigation leads the court to conclude that most of the transfer factors are neutral. While Plaintiff's choice of forum is ordinarily entitled to weight, the factor regarding the forum's familiarity with governing law weighs in favor of transfer. When this factor is considered in conjunction with the Agreement's forum selection clause, even if considered to be permissive, the court is convinced that the balance is tipped in favor of transfer. The presence of the clause demonstrates the parties' knowledge that Illinois was at least a possible, if not a probable, jurisdiction. The fact that the Agreement provides for application of Illinois law makes that likelihood even greater.

Upon consideration of the interests of justice and the factors set forth above, the court chooses to exercise its discretion to transfer this matter to the United States District Court for the Northern District of Illinois.

## CONCLUSION

For the foregoing reasons, Defendant LFC's motion to dismiss is denied with respect to the request that the case be dismissed and granted to the extent that it seeks transfer. The Clerk of the Court is directed to transfer the file in this matter to the United States District Court for the Northern District of Illinois.

SO ORDERED

/s/ LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Central Islip, New York
October 13, 2010

8